ROMAR REALTY COMPANY, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE BOROUGH OF HADDON-FIELD, RESPONDENT.

Submitted April 21, 1921—Decided June 22, 1921.

1. Section 28*c* of the act relating to boroughs (*Comp. Stat., p.* 242), which provides that the borough council shall have power to regulate, control and prescribe the method and manner of building, constructing, altering or removing dwelling-houses and all other buildings or structures and the kind or quality of the materials used therein, does not authorize the passage of an ordinance which provides that no building of any kind less than two stories in height shall be erected on a certain street within eighty feet of the building or fence line.

2. An ordinance which, in providing that no building less than two stories in height shall be erected on a certain street within eighty feet of the building line, was intended, primarily, to beautify the appearance of the street, cannot be supported on the ground that it was necessary for the public safety, and cannot be sustained as a valid exercise of the police power.

---

On *certiorari*.

Before Mr. Justice KATZENBACH, sitting alone, pursuant to the statute.

For the prosecutor, *Cyrus D. Marter*.

For the respondent, *Patrick H. Harding*.

The opinion of the court was delivered by

KATZENBACH, J.   The Romar Realty Company, a corporation, is the owner of a tract of land fronting on Main street, in the borough of Haddonfield, in the county of Camden.   It planned to build one-story stores on the land within eighty feet of the building or fence line and caused to be drafted plans and specifications therefor.   Upon application for a building permit, the prosecutor was refused the permit and informed that the erection of the proposed one-story structures at the proposed place of location on the land was in violation of an ordinance of the borough adopted December 20th, 1915, which is as follows:

"An ordinance providing for the kind and location of buildings to be erected on King's Highway, or Main street, in the borough of Haddonfield.

"Sec. 1.   Be it ordained by the board of commissioners of the borough of Haddonfield that no building or parts of building in which the outside or party division walls are in whole or in part of frame shall be erected within two hundred feet of the house or fence line on any part of King's Highway, or Main street, without the consent of said board of commissioners; provided, that nothing in this ordinance shall be construed to prevent necessary repairs to buildings already erected without the consent of the said board of commissioners.

"Sec. 2.   Be it ordained that no building of any kind less than two stories high shall be erected on the aforesaid street within eighty feet of said building or fence line without the consent of said board of commissioners.

"Sec. 3.   Be it ordained that any person or persons or corporation violating any of the provisions of this ordinance shall on conviction thereof pay a penalty of five hundred dollars.

"Sec. 4. Be it ordained that all ordinances or parts of ordinances inconsistent herewith be and the same are hereby repealed, and that this ordinance shall take effect immediately."

It is the second section of the above ordinance under which the building permit asked by the prosecutor is refused. A writ of *certiorari* to review this ordinance was allowed, and has been brought on for argument before a single justice at chambers. The statutory authority for the passage of this ordinance is section 28c of the general act relating to boroughs (*Rev.* 1897), *Comp. Stat., p.* 242. This section provides as follows:

"Sec. 1. In addition to the powers now given to the council of the boroughs governed by the act to which this act is a supplement, the borough council of every such borough shall have power by ordinance to regulate, control and prescribe the method and manner of building, constructing, altering or removing dwelling-houses and all other buildings or structures of every kind and nature, erected or to be erected in any such borough, and the kind and quality of materials to be used therein, and to prohibit within certain limits, to be from time to time prescribed by ordinance, the building or erection of any dwelling, building or structure of wood or other combustible material."

The statute gives the authority to regulate, control and prescribe the method and manner of buildings, &c. The section of the ordinance under consideration provides that no building of any kind less than two stories in height shall be erected on Main street within eighty feet of the building or fence line. This is not a regulation prescribing the method and manner of building, but a prohibition as to the building of one-story buildings within the prescribed distance of the building line. To be valid, it is conceded that it must be a proper exercise of the police power. It is obvious that the effect of the ordinance is to restrict the use of the owner's land, if the land is located in that part of the street which is only available for one-story stores. To comply with the ordinance by placing one-story stores back eighty feet from the building line would, in a business community, be a detriment

to the use of the stores with a resultant loss in revenue to the owner. The ordinance, to be valid, must be for the public safety. If the provisions of the ordinance are beyond that which is necessary for the public safety, then the owner is deprived of his property or a use thereof without just compensation. Deprivation or limited use of one's property is unlawful, and the ordinance which compels it is invalid if the taking cannot be justified by the exercise of the police power. This position is conceded by the counsel for the respondent, but it is claimed that the section of the ordinance in question is a valid exercise of the police power; that a one-story structure is more dangerous from the standpoint of fire than a two-story structure, because one-story buildings often attract a class of careless and undesirable merchants, and carelessness of such merchants increases the fire hazard. This argument rests upon a false premise. Merchants occupying one-story buildings are not necessarily more careless with reference to fires than merchants occupying two-story buildings. There may be careless merchants in ten-story buildings. This would be no warrant for prohibiting ten-story buildings. A greater possibility of fires in one-story buildings, if such a fact could be demonstrated, is not a sufficient reason to justify depriving the prosecutor of the use of his land for one-story stores. It would seem that this prohibition was intended to beautify the appearance of Main street, so that the reason for its passage was æsthetic. Mr. Justice Swayze, in the *City of Passaic* v. *Paterson Posting and Sign Painting Co.*, *72 N. J. L.* 285, said: "Aesthetic considerations are a matter of luxury and indulgence rather than of necessity, and it is necessity alone which justifies the exercise of the police power to take private property without compensation."

The second section of the ordinance is not a proper exercise of the police power, in my opinion, and is invalid. This section of the ordinance, however, can be exscinded from the ordinance without destroying the effect of the remaining sections, so that the entire ordinance will not be held to be invalid, but only the second section thereof, for the reasons above given.